UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY STULTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-1683-B |
| | § | |
| MAALT SPECIALIZED BULK LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Transfer Venue. Doc. 10. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

### I.

### BACKGROUND[1]

Plaintiff Roy Stults filed suit in this Court alleging that his former employer, Defendant Maalt Specialized Bulk LLC (Maalt), discriminated against him in violation of the Americans with Disabilities Act and the Texas Labor Code. Doc. 1, Compl., ¶¶ 13–14. Mr. Stults was injured on the job when he jumped down from a concrete platform while loading his truck from a sand mine in Cresson, Texas. Doc. 10, Mot. to Transfer, 2; Doc. 11, Def.'s App., Ex. 1.[2] He was then placed on "light duty" work at Maalt's office in Fort Worth. *Id*. Mr. Stults claims he was then forced to take

---

[1] This factual history is drawn from the parties' pleadings and the parties' briefing on the present Motion to Transfer. Any disputed fact is noted as the contention of a particular party.

[2] When the Court considers a motion to transfer venue, it may examine affidavits submitted by either party. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756–57 (3d Cir. 1973); *LeBlanc v. C.R. England, Inc.*, 961 F. Supp. 2d 819, 823 n.1 (N.D. Tex. 2013).

a leave of absence and while on the leave of absence, Maalt terminated him. Doc. 1, Compl., ¶¶ 7, 9.

After Mr. Stults filed suit, Maalt filed a motion to transfer the case to the Fort Worth division of the Northern District of Texas. Doc. 10, Mot. to Transfer. Maalt's motion is ripe for review.

## II.

## LEGAL STANDARDS

A district court may transfer a civil action to another district or division if (1) the plaintiff could have brought that action there originally and (2) the transfer would be for "the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). The movant bears the burden of proving both elements. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, No. 3:07-CV-1291-B, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007).

A plaintiff could have brought an action in a district or division initially if, at the time he filed the action, (i) either he or defendant resided in that district or division and (ii) both resided within the state. 28 U.S.C. § 1391(b)(1).

To demonstrate that transfer would be for "the convenience of parties and witnesses, and in the interest of justice" under 28 U.S.C. § 1404(a), a movant must show good cause. *In re Volkswagen*, 545 F.3d at 315. To determine whether a movant has shown good cause, courts examine a number of private and public factors. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d

201, 203 (5th Cir. 2004)). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* No one factor is dispositive, although the most significant factor is the cost of attendance to witnesses. *Davis v. City of Fort Worth*, No. 3:14-CV-1698-D, 2014 WL 2915881, at *3 (N.D. Tex. June 25, 2014). In total, however, the balance of these factors must clearly weigh in favor of transferring to the new venue. *In re Volkswagen*, 545 F.3d at 315. "[If] the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, No. 3:07-CV-1689-O, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *see also In re Volkswagen*, 545 F.3d at 315.

Public and private factors aside, a court must also independently consider how much weight to assign a plaintiff's choice of forum. *Davis*, 2014 WL 2915881, at *2. That amount changes depending on whether a plaintiff has filed suit within h[is] home forum or outside of it. "A plaintiff's choice is normally entitled to deference, but when []he files suit outside h[is] home forum, the weight accorded to the choice is diminished." *Id.* at *2.

### III.

### ANALYSIS

Initially, the Court must determine whether Mr. Stults could have originally filed suit in the Fort Worth Division. 28 U.S.C. § 1404(a). Mr. Stults could have originally brought his claims in the Fort Worth Division because when he filed suit, both he and Maalt were residents of that division and both resided in Texas. Doc. 10, Mot. to Transfer, 1. Thus, venue would have been initially

proper in Fort Worth under 28 U.S.C. § 1391(b)(1), and Maalt meets the preliminary requirement for transfer under §1404(a).

Although Mr. Stults could have brought his case in the Fort Worth Division, the Court must determine what weight to give to Mr. Stults' choice to file suit in the Dallas Division. Mr. Stults argues that his choice should not be disturbed because the fact that the Dallas and Fort Worth Courthouses are only thirty miles apart means that it could not be clearly more convenient to litigate in Fort Worth than Dallas. Doc. 13, Resp., 3. But Mr. Stults resides in the Fort Worth Division and "when [the plaintiff] files suit outside h[is] home forum, the weight accorded to the choice is diminished." *Davis*, 2014 WL 2915881, at *2. Thus, the Court does not give Mr. Stults' choice of forum much weight.

Next, the Court engages in the public/private multi-factor analysis explained above to determine whether Maalt establishes good cause to transfer the action.

*1. Private Factors*

    i.    <u>Relative Ease of Access to Sources of Proof</u>

Maalt argues that access to sources of proof is easier in Fort Worth because all of the records relevant to the case are located there. Doc. 10, Mot. to Transfer, 5. Specifically, Maalt claims that its "personnel records, employment policies, workers' compensation records, and leave of absence records are all located in Fort Worth," and the "medial records from the treating physicians who treated Plaintiff after his injury and up to and through his separation of employment are located in Granbury, Hood County, Texas."[3] *Id*. Mr. Stults responds that records relating to his workers'

---

[3]The Court takes judicial notice that Granbury is located within the Fort Worth Division. Fed. R. Evid. 201(b), (c)(1).

compensation claim are located in Austin, Texas, and a substantial amount of records relating to his medical care are located in Dallas. Doc. 13, Resp., 2. The crux of his argument, however, is that the location of records is irrelevant to the records' accessibility, particularly given that records are frequently stored and transmitted electronically. *Id.*

The location of records in Austin is irrelevant to whether Dallas or Fort Worth would be more convenient, and though Mr. Stults alleges that a substantial amount of his medical records are located in Dallas, he does not provide the Court with any examples of medical treatments in Dallas or the location of records for those treatments. In contrast, Maalt provides examples of at least five medical treatments Mr. Stults received in the Fort Worth Division.[4] And, "[r]egardless of whether technological advances and email service would make litigating [a] case in the Dallas Division *possible*," if those sources are physically located in Fort Worth, "there is still a *greater* ease of access to sources of proof" there. *Davis*, 2014 WL 2915881, at *3. Thus, this factor weighs in favor of transfer.

  ii. <u>Availability of Compulsory Process to Secure Attendance of Witnesses</u>

Both parties concede this factor is neutral. Doc. 10, Mot. to Transfer, 6; Doc. 13, Pl.'s Resp., 3. Thus, the Court does not weigh it.

  iii. <u>Cost of Attendance for Witnesses</u>

Maalt argues this factor weighs in favor of transfer because "the vast majority of witnesses are located within the Fort Worth Division, closer to the Fort Worth federal courthouse than [the]

---

[4]Specifically, Maalt notes that Mr. Stults was treated at Avalon Urgent Care in Granbury, Texas; at Texas Health Resources in Azle, Texas; at Select Physical Therapy in Granbury, Texas; at SporTherapy Azle in Azle, Texas; by Dr. Gregory Ennis in Stephenville, Texas; and by Marlene Tellez, D.C. in Weatherford, Texas. Doc. 10, Mot. to Transfer, 5–6. The Court takes judicial notice that Azle, Stephenvile, and Weatherford are located in the Fort Worth Division. Fed. R. Evid. 201(b), (c)(1).

Dallas federal courthouse" such that "the cost of attendance for witnesses will be needlessly greater in the Dallas Division." Doc. 10, Mot. to Transfer, 6–7. As required, *see Magna v. Toyota Motor Corp.*, No. 3:10-CV-1415-B, 2010 WL 5108850, at *3 (N.D. Tex. Dec. 6, 2010), Maalt includes a list of eighteen potential nonparty witnesses[5] and their testimony, eleven of whom are located in the Forth Worth Division and five of whom are likely located in the Fort Worth Division. Doc. 10, Mot. to Transfer, 7–9. Only one potential witness is located within the Dallas Division.[6] *Id.* at 9. Mr. Stults does not address this factor specifically. He notes that he plans to depose healthcare providers in Dallas, but also notes that all other depositions will take place at counsel's offices in Fort Worth. Even if Mr. Stults plans to depose healthcare providers in Dallas other than the one Maalt listed as a potential witness, the location of depositions is not relevant to this factor; the cost of attendance for witnesses concerns the cost to appear in court to testify. *See Thomas,* 2008 WL 4225556, at *2 (finding that all of the witnesses "who may be called to testify" live within the Fort Worth Division); *Calloway*, 2007 WL 4548085, at *3 (finding that "[k]eeping the case in the Dallas Division would inconvenience the witnesses and cause them to incur needless travel expenses to testify."). Thus, because the majority of witnesses are located in the Fort Worth division, this factor weighs in favor of transfer.

    iv.    <u>All Other Practical Problems</u>

First, Maalt urges the Court to consider that the parties' counsel are located in Fort Worth. Doc. 10, Mot. to Transfer, 10. Mr. Stults does not address this argument, but as Maalt acknowledges,

---

[5]Maalt also lists Mr. Stults as a witness, Doc. 10, Mot. to Transfer, 7, but this factor "primarily concerns the convenience of nonparty witnesses." Davis, 2014 WL 2915881, at *3.

[6] One witness is located out of state, and thus the cost of her attendance in either the Fort Worth or Dallas Division would be equal. *Id.* at 7.

the location of counsel is irrelevant to the transfer analysis. *Id.*; *Calloway*, 2007 WL 4548085, at *3. Thus, the Court will not consider this factor.

Next, Maalt asks the Court to consider that the events giving rise to the lawsuit occurred in the Fort Worth Division. Doc. 10, Mot. to Transfer, 10. Maalt alleges that "[a]ll of the decisions regarding Plaintiff's light duty eligibility and assignments and separation of employment all occurred in the Fort Worth Division." *Id.* Mr. Stults does not dispute where Maalt's employment decisions took place, but he appears to dispute where the events giving rise to this suit occurred. Doc. 13, Resp., 1–2. He notes that during most of his employment for Maalt he worked in Cresson, Texas, a town that is bisected by one county in the Fort Worth Division and one county in the Dallas Division. Doc. 13, Resp., 1–2. But he acknowledges that because of the "transient nature of his employment" it is difficult to discern in which county he performed most of his work. *Id.* Mr. Stults also notes that he received substantial medical care in Dallas. *Id.* at 2. But neither the location of Mr. Stults' work prior to his accident nor the locations where he received medical care after his accident constitute the events giving rise to this action. The relevant inquiry is where the alleged wrong occurred. *Calloway*, 2007 WL 4548085 at *3. Because Mr. Stults claims Maalt discriminated against him when it placed him on light-duty work and terminated him, Doc. 1, Compl., ¶¶ 7, 9–11, the relevant inquiry is where the decisions to discriminate occurred. Because Mr. Stults does not dispute that those decisions occurred in Fort Worth, this factor weighs in favor of transfer.

Finally, Maalt argues that there is "no possibility of delay or prejudice if the case is transferred" because the case is in the early stages of litigation. Doc. 10, Mot. to Transfer, 10. Mr. Stults does not address this argument. In *Wallace v. Child Care Associates*, which Maalt cites in

support of its argument, the court found transfer would not cause delay or prejudice because the case would be transferred "less than thirty days from Defendant's answer." No. 3:08-CV-1016-O, 2008 WL 4180261, at *2 (N.D. Tex. Sept. 8, 2008). Similarly, in *Calloway*, this Court found transfer to the Fort Worth Division would not cause significant delay or prejudice because the Court had not yet entered a scheduling order. *Calloway*, 2007 WL 4548085, at *4.

Here, the Court entered a scheduling order before Maalt filed its motion to transfer, and that motion was filed more than a month after Maalt filed its answer and almost four months after Mr. Stults filed his complaint. *See* Doc. 1, Compl.; Doc. 5, Answer; Doc. 9, Scheduling Order; Doc. 10, Mot. to Transfer. Thus, this case is not in such early stages of litigation as the cases on which Maalt relies. But although the deadlines in the scheduling order for joinder of parties and amended pleadings have passed, none of the other pretrial deadlines have. *See* Doc. 9, Scheduling Order. Thus, on balance, the Court finds this factor neutral and does not weigh it.

2.  *Public Factors*

    i.  <u>Administrative Difficulties</u>

Maalt concedes that this factor is neutral. Doc. 10, Mot. to Transfer, 10–11. Mr. Stults does not address this factor. Thus, the Court does not weigh it.

    ii.  <u>Local Interest</u>

Maalt argues that this factor weighs in favor of transfer because "all parties live and/or work within the Fort Worth Division and citizens of the counties served by the Fort Worth Division have an interest in adjudicating an employment discrimination case that allegedly occurred there." *Id.* at 11. Mr. Stults argues that both Fort Worth and Dallas have a local interest because "countless Texans commute between the two cities every day"; thus, "[t]he 'community' that has an interest

in the litigation is an extended one. Doc. 13, Resp., 3. But "local interest" is defined more narrowly than Mr. Stults urges. The local interest "factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, No. 3:07-CV-2024-D, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008). The Court has already determined that the acts giving rise to the lawsuit occurred in Fort Worth. And this Court has previously found that the local interest factor also weighs in favor of transfer when the parties reside in the transferee venue. *Calloway*, 2007 WL 4548085 at *4. Such is the case here because Maalt and Mr. Stults reside in Fort Worth. Doc. 10, Mot. to Transfer, 1. Therefore, this factor weighs in favor of transfer.

    iii.    <u>Familiarity with Governing Law</u>

Maalt concedes this factor is neutral. Doc. 10, Mot. to Transfer, 11. Mr. Stults does not address this factor. Thus, the Court does not weigh it.

    iv.    <u>Avoidance of Unnecessary Conflict of Laws</u>

Neither party addresses this factor. Thus, the Court does not weigh it.

## IV.

## CONCLUSION

After weighing the relevant factors, the Court finds that all factors either weigh in favor of transfer to the Fort Worth Division or are neutral. Thus, the Court finds that Maalt has shown good cause that transfer would be "for the convenience of the parties and in the interest of justice." 28 U.S.C. § 1404(a); *In re Volkswagen*, 545 F.3d at 315. Accordingly, the Court **GRANTS** Defendant's Motion to Transfer Venue.

SO ORDERED.

DATED April 6, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE